UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA OCHOA<br>*Plaintiff,*<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 5:20-CV-00319 |

### DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Company ("Allstate") hereby removes this lawsuit currently pending in the District Court for the 73rd Judicial District of Bexar County, Texas, Cause No. 2020CI02873, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

#### BACKGROUND

1. On or about March 18, 2017, Plaintiff was involved in a motor vehicle collision (the "Collision") in which she has alleged that an unidentified driver operating a motor vehicle owned by Eva Mendivil caused her serious bodily injury.[1]

2. On February 10, 2020, Plaintiff filed an action styled *Rebecca Ochoa v. Insurance Fire and Casualty Company* seeking to recover from the Defendant for all damages she alleges to have arisen from the Collision pursuant to a policy of underinsured motorist coverage issued by

---

[1] *See* Exhibit A, Plaintiff's Original Petition, ¶ 5.

the Defendant.[2] The alleged tortfeasors, namely, the unidentified driver and Eva Mendivil, are not parties to this lawsuit.[3]

3. Plaintiff's alleged damages include past and future medical expenses, loss of earning capacity, physical pain, physical impairment, disfigurement, mental anguish, exemplary damages, treble damages, attorneys' fees, and costs of court.[4]

4. Plaintiff pleads for monetary relief for "over Two Hundred Thousand Dollars ($200,000)" but not to "exceed more than One Million Dollars ($1,000,000)."[5]

5. Plaintiff served Defendant with her original petition and process on February 24, 2020, by certified mail upon its registered agent.[6]

6. Plaintiff demands a jury trial.[7]

7. Defendant has not answered the Plaintiff's suit in state court.[8]

## GROUNDS FOR REMOVAL

8. This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446, because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

### A. Parties are Diverse

9. Plaintiff is a natural person who asserts that she is a resident of Texas in her Original Petition, thus demonstrating that Plaintiff is domiciled in the state of Texas.[9] Plaintiff has not plead

---

[2] *Id.*, at ¶ 6.
[3] *See id.*
[4] *Id.*, at ¶¶ 17-20.
[5] *Id.*, at ¶ 17.
[6] *See* Exhibit B, Transmittal of Citation.
[7] *See* Exhibit A, Plaintiff's Original Petition, ¶ 24.
[8] *See* Exhibit C, State Court Docket.
[9] *See* Exhibit A, Plaintiff's Original Petition, ¶ 2.

or alleged citizenship of any state other than Texas. Thus, Plaintiff is believed to be a citizen of Texas because "for purposes of federal subject-matter (diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in which the person is domiciled."[10]

10. Defendant Allstate is incorporated under the laws of the state of Illinois and maintains its principle place of business in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062. Defendant is thus a citizen of Illinois.[11]

B. Amount in Controversy

11. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[12] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[13]

12. Here, it is facially apparent from Plaintiff's petition that the amount in controversy exceeds $75,000.00 because Plaintiff alleges she seeks monetary relief for "over Two Hundred Thousand Dollars ($200,000)" but not to "exceed more than One Million Dollars ($1,000,000)."[14]

13. Based upon the foregoing, the amount in controversy exceeds $75,000.00.

---

[10] *O'Neal v. DePuy Synthes Sales, Inc.*, No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019), *citing Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 951 (2006); *and, Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir. 2003).
[11] 28 U.S.C. §1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."); *and, Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995) (citing *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 571 (W.D.Tex.1992)) ("When a party is a corporation, citizenship is determined by where the corporation is incorporated and the location of the corporation's principal place of business").
[12] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[13] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[14] *See* Exhibit A, Plaintiff's Original Petition, ¶ 17.

## REMOVAL IS PROCEDURALLY PROPER

14. This notice of removal is timely filed within thirty (30) after service of process upon Defendant.[15]

15. Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Bexar County, Texas, the venue where this suit was initiated.[16]

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached hereto.[17]

17. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

## PRAYER FOR RELIEF

18. Defendant Allstate prays that this Honorable Court accept jurisdiction over the state court action for the reasons set forth above, and grant it any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

By: /s/ *Michael N. Novak*

---

[15] *See* 28 U.S.C. §1446 (b)(1), and Exhibit B, Transmittal of Citation dated February 24, 2020.
[16] *See* Exhibit A, Plaintiff's Original Petition, ¶ 4.
[17] *See* Exhibit A – Exhibit C.

        **Robert E. Valdez**
        State Bar No.20428100
        S.D. Tex. Bar No. 9816
        *revaldez@valdeztrevino.com*
        **Michael M. Novak**
        State Bar No. 24092905
        S.D. Tex. Bar No. 3084746
        *mnovak@valdeztrevino.com*
        *Counsel for Defendant Allstate Fire and Casualty Insurance Company*

**Defendant's Notice of Removal**
{00581350}

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 13th day of March 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, and via e-service in the state court proceeding:

Paul E. Campolo
State Bar No. 03730150
Law Offices of Maloney & Campolo LLP
926 S. Alamo
San Antonio, Texas 78205
Tel. 210-922-2200
Fax 210-923-1313
*Counsel for Plaintiff*

/s/ *Michael N. Novak*
**Michael M. Novak**