IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| REBECCA OCHOA, § | |
| § | |
| *Plaintiff*, § | |
| v. § | |
| § | Civil Action No. SA-20-CV-319-XR |
| ALLSTATE FIRE AND CASUALTY INS. § | |
| CO., § | |
| § | |
| *Defendant*. § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant Allstate Fire and Casualty Insurance Company's ("Defendant") motion to dismiss (docket no. 2). After careful consideration, Defendant's motion is DENIED.

## BACKGROUND

This is an uninsured/underinsured (UM/UIM) motorist case. Plaintiff Rebecca Ochoa ("Plaintiff") brought suit in the 73rd Judicial District, Bexar County, Texas on February 10, 2020. Docket no. 1-3. According to the facts pled in the petition, which the Court accepts as true, on March 18, 2017, Plaintiff was struck by an unidentified motorist who fled the scene, and she thereafter suffered serious bodily injuries. *Id.* at 2. Plaintiff further alleges that on the date of the accident, she was insured under an automobile policy with Defendant, a policy that included UM/UIM coverage. *Id.* at 3.

Plaintiff brings the following claims: breach of contract, various violations of the Deceptive Trade Practices Act ("DTPA"), violation of the Prompt Payment of Claim Act of the Texas Insurance Code, common law misrepresentation, negligence (against both the unidentified

motorist and against Defendant),[1] gross negligence (against only Defendant), and breach of the duty of good faith and fair dealing. *Id.* at 3–6. Plaintiff seeks damages, exemplary damages, additional damages for knowing violations, and attorney's fees. *Id.* at 7–9.

Defendant timely removed to this Court on March 13, 2020. Docket no. 1. The Court maintains subject matter jurisdiction over the dispute because there is complete diversity—Plaintiff is a Texas citizen, and Defendant is an Illinois citizen—and because the amount in controversy is met. That same day, Defendant filed the instant motion to dismiss (docket no. 2) which seeks to dismiss all of Plaintiff's claims. Plaintiff did not respond.

## DISCUSSION

### I. Standard of Review

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and

---

[1] Within Plaintiff's negligence claim against Defendant is a claim for intentional infliction of emotional distress. Docket no. 1-3 at 5–6.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Breach of Contract

Plaintiff brings a breach of contract claim against Defendant for the alleged failure to fulfill its obligations and duties under the relevant insurance policy, despite Plaintiff meeting all conditions precedent to receiving her benefits under the policy. Docket no. 1-3 at 5. Defendant argues that Plaintiff is not entitled to receive underinsured motorist insurance benefits until there is a judgment establishing the liability of the tortfeasor and damages for the accident. Docket no. 2 at 7–8.

UIM insurance "protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles. TEX. INS. CODE ANN. § 1952.101(a). For a policy beneficiary of UIM insurance to recover benefits, the insured must show: "(1) that the insured has underinsured motorist coverage, (2) that the underinsured motorist negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the underinsured motorist's insurance coverage is deficient." *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex.App.—Houston [1st Dist.] 2017, orig. proc.). The insured's "[r]ecovery is reduced by the amount recovered or recoverable from the insurer of the UM/UIM's vehicle and cannot exceed the insured's policy limits." *Allstate Ins. Co. v. Irwin*, No. 04-18-293-CV, 2019 WL 3937281, at *2 (Tex.App.—San Antonio Aug. 21, 2019, no pet. h.) (emphasis omitted). UIM insurance establishes an arrangement for benefits to be "conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

Unlike first-party insurance contracts, tort law is used to determine the contractual obligation to pay for UIM insurance rather than the policy alone. *In re Perry*, No. 13-18-676-CV, 2019 WL 1723509, at *4 (Tex.App.—Corpus Christi 2019) (citing TEX. INS. CODE ANN. § 1952.105–08). Both filing suit against a UIM insurer and demanding benefits are insufficient to trigger a UIM insurer's duty to pay. *Brainard*, 216 S.W.3d at 818. Thus, the insurer's duty does not arise until the liability of the third-party tortfeasor and damages are determined. *Id.* According to the Supreme Court of Texas, neither a settlement between the insured and tortfeasor, nor an admission of liability from the tortfeasor, establishes coverage under UIM insurance because "a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Id.* (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 553 (Tex. 2000)).

However, based on other language in *Brainard*, this language can only mean that settlement or an admission of liability *alone* is not sufficient to establish the insurer's duty to pay. The opinion states, "the insured is not required to obtain a judgment against the tortfeasor" and "[t]he insured may settle with the tortfeasor…and then litigate UIM coverage with the insurer." *Id.* This clearly indicates that an insured can litigate the issue of UIM coverage with the insurer without first obtaining a judgment against the tortfeasor. Thus, the Court finds unconvincing Defendant's argument that Plaintiff must separately obtain a determination of liability and damages before she can litigate UIM coverage.

How the issue of UIM coverage is, or should be, litigated is unsettled. Indeed, the *Brainard* opinion "does not clarify what causes of action may be brought in order to settle the liability and damages issues in the UIM litigation context." *Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 456

(Tex.App.—Texarkana 2016, no pet.). Many plaintiffs choose to bring their claims as declaratory actions, and such a method has been approved by Texas courts of appeals. *Borg . Metro. Lloyd's of Tex.*, 12-CV-256, 2013 WL 12091651, at *2 (W.D. Tex. Feb. 21, 2013); *see also Irwin*, 2019 WL 3837281, at *3 ("We agree that an insured can use the [Uniform Declaratory Judgment Act] to establish the prerequisites to recovery in a UM/UIM case."); *Jordan*, 503 S.W.3d at 456 ("[N]othing in *Brainard* precludes the use of a declaratory judgment when establishing prerequisites to recover in a UIM benefits case.").

Nor does this Court read anything in *Brainard* or other cases from the Texas courts to preclude bringing a breachofcontract claim while also bringing a negligence claim to establish both the liability and damages owed from that tortfeasor. That is what Plaintiff here has done. Docket no. 1-3 at 5. The prudent course, at this time, is to allow Plaintiff to proceed under a breachofcontract theory, though Plaintiff is also given leave to pursue her claims by a parallel declaratory judgment claim. *See Green v. Allstate Fir e& Cas. Ins. Co.*, No. SA-19-CV-360-XR, 2019 WL 2744183 (W.D. Tex. July 1, 2019) (denying motion to dismiss and allowing plaintiff to proceed under UDJA and breachofcontract theory in the absence of a judgment establishing prerequisites). Plaintiff has alleged a plausible claim for relief for breach of contract, and accordingly the motion to dismiss this claim is denied. Should this case proceed to summary judgment or trial, the Court will revisit the issue of which causes of action should proceed.

### III.   Extracontractual Claims

Plaintiff brings several extracontractual claims, including violations of the DTPA, violations of the Insurance Code, negligence and gross negligence, misrepresentation, and breach of the duty of good faith and fair dealing against Defendant.   Docket no. 1-3. Defendant moves to

5

dismiss each of these. Docket no. 2 at 8–17. For each, Defendant argues that the claims must be dismissed because Plaintiff fails to state a claim for relief due to the absence of a judgment on the breachofcontract claim. *Id.* at 5–6.

It is within the court's discretion to decide whether to sever and abate a claim. *Hellstern v. Hartford Fire Ins. Co.*, No. 3:14-CV-993, 2015 WL 11120978, at *6 (N.D. Tex. June 23, 2015); *see also FDIC v. Blanton*, 918 F.2d 524, 533 (5th Cir. 1990). Some courts choose to deny abatement if doing so would unduly prolong litigation. *See, e.g. Hellstern*, 2015 WL 1120978, at *6. Some deny doing so because certain claims, such as bad faith claims, may arise before a judgment on the underlying UIM liability. *See, e.g. Fowler v. Gen. Ins. Co. of Am.*, No. 3:14-CV-2596, 2014 WL 5879490, at *4 (N.D. Tex. Nov. 13, 2014) (finding that an insurer's liability can be "reasonably clear" prior to a judgment"); *see also Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 880–81 (5th Cir. 2004).

Other courts choose to sever and abate an extracontractual claim until the court reaches a judgment on UIM liability under the rationale that the success of such extracontractual claims is largely contingent on the UIM liability judgment. *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220. A number of Texas appeals courts have "held that abatement of extra-contractual claims is required when . . . both parties would incur unnecessary expenses if the breach of contract claim were decided in the insurer's favor." *In re Am. Nat. Cty. Mut. Ins. Co.*, 384 S.W.3d 429, 437 (Tex. App.—Austin 2012, no pet.) (citing *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, no writ)). And federal district courts have often abated extra-contractual claims pending resolution of the underlying UIM claim. *Stoyer v. State Farm Mut.*

*Auto. Ins. Co.*, No. 3:08-CV-1376-K, 2009 WL 464971, at *3 (N.D. Tex. Feb. 24, 2009) (collecting cases); *Perez*, 2019 WL 2075931, at *2.

The Court finds that the extra-contractual claims in this case should be abated. The Court sees no need to officially sever these claims at this time, but may do so at a later time if warranted. The parties should be prepared to address whether continued abatement and/or severance is warranted at the status conference on May 27, 2020.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (docket no. 2) is DENIED.

It is so ORDERED.

SIGNED this 5th day of May, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE